UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TED P.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 25-11536<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PETITION FOR ATTORNEY FEES (ECF NO. 10)**

## I. Introduction and Background

Petitioner Bethany G. Versical, counsel for plaintiff Ted P. on his federal appeals case, seeks reimbursement for attorney's fees under 42 U.S.C. § 406(b) of the Social Security Act. ECF No. 10. Versical requests $3,825.00 of the $16,286.98 that the Social Security Administration withheld from plaintiff's award of past-due benefits as potential attorney's fees. *Id.*, PageID.724-725. The request is not greater than 25% of plaintiff's past-due award. *Id.* Versical also states that she would reimburse plaintiff the $892.50 that was awarded under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Id.*, PageID.726; ECF No. 9. The

Commissioner of Social Security (Commissioner) does not object to the petition. ECF No. 11, PageID.762. And plaintiff signed a contingency fee agreement. ECF No. 10-3, PageID.758.

The Court thus **GRANTS** the petition for attorney's fees and **ORDERS** Versical to refund the amount previously awarded under the EAJA to plaintiff.

## II. Analysis

Section 406(b) allows an attorney fee of up to 25% of past due benefits under contingency-fee agreements, but the amount must be tested for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). There is a rebuttable presumption that a contingency-fee agreement with a cap of 25% is reasonable, and such an award should be reduced only when there is evidence of ineffectiveness or when an attorney would receive an inordinate unwarranted windfall. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014); *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991). To avoid such windfalls, district courts consider the attorney's hours and standard rates in reviewing the reasonableness of contingency fees. *Gisbrecht*, 535 U.S. at 808.

Courts in the Sixth Circuit have found no windfall "when, in a case where a contingent fee contract exists, the hypothetical hourly rate

determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422.

> A multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.

*Id.* (cleaned up). If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. *Id.*

Here, Versical says that she worked 4.25 hours on plaintiff's federal appeals case. ECF No. 10, PageID.731; ECF No. 10-3, PageID.759. The amount Versical requests for her services ($3,825.00) divided by 4.25 equates to a fee of $900 per hour. A review of cases from this district reveals that an hourly rate of $250 to $500 is standard, but doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny. *See Hardy v. Berryhill*, No. 18-10743, 2020 WL 4199608, at *3 (E.D. Mich. July 22, 2020) (approving fee resulting

in effective hourly rate of $750); *Szostek v. Berryhill*, No. 14-11531, 2017 WL 6943420, at *2 n.1 (E.D. Mich. Nov. 22, 2017), *adopted*, 2018 WL 398443 (E.D. Mich. Jan. 12, 2018) (collecting cases); *Broxton v. Comm'r of Soc. Sec.*, No. 2:19-cv-13595, 2024 WL 2863295, at *1 (E.D. Mich. Apr. 4, 2024) (reducing a fee award to "a reasonable contingency fee that reflects a calculated hourly fee of almost $900 per hour"). And other district courts have approved similar fee requests. *See, e.g.*, *Chorak v. Comm'r of Soc. Sec.*, No 5:18-CV-2243, 2024 WL 1611482, at *4 (N.D. Ohio Feb. 7, 2024) (collecting cases within the Northern District of Ohio); *Weems v. Comm'r of Soc. Sec.*, No. SAG-12-2993, 2015 WL 3464130, at *1 (D. Md. May 29, 2015) (approving a 25% contingency fee resulting in an effective hourly rate of $944); *Whitehead v. Barnhart*, No. 1:04-1236-T, 2006 WL 681168, at *2-6 (W.D. Tenn. Mar. 14, 2006) (approving a 25% contingency fee resulting in an effective hourly rate of $982). It therefore cannot be said that Versical's request constitutes an inordinate windfall.

The Commissioner does not contest the reasonableness of Versical's request. ECF No. 11, PageID.762. And plaintiff signed a contingency fee agreement consenting to Versical recovering up to 25% of the total past-due benefits awarded. ECF No. 10-3, PageID.758. There is also no

evidence that Versical was ineffective or delayed the proceedings. Thus, Versical's request for § 406(b) fees of $3,825.00 is reasonable.

Section 406(b) attorney's fees are paid directly to the attorney-petitioner, with no regard to preexisting debts. 42 U.S.C. § 406(b)(1)(A); *see also Astrue v. Ratliff*, 560 U.S. 586, 595 (2010). Thus, the amount of $3,825.00 should be paid directly to Versical out of the past due benefits. 42 U.S.C. § 406(b)(1)(A). Versical must then refund the lesser award of attorney's fees—the $892.50 in EAJA fees—to plaintiff. *Astrue*, 560 U.S. at 595-56.

## III. Conclusion

The Court thus **GRANTS** the petition for attorney's fees, ECF No. 10, and **ORDERS** Versical to refund the amount previously awarded under the EAJA to plaintiff.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 8, 2026

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 8, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager